UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOHN GARRETT SMITH, | CASE NO. C18-5221 RJB |
| Plaintiff, | ORDER DENYING APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING CASE AS FRIVOLOUS AND FOR FAILURE TO STATE A CLAIM |
| v. | |
| BENJAMIN H. SETTLE and DAVID W. CHRISTEL, | |
| Defendants. | |

This matter comes before the Court on Plaintiff's application to proceed *in forma pauperis* (Dkt. 4), and on review of the proposed complaint (Dkt. 1). The Court has considered the relevant record and the remainder of the file herein.

On March 23, 2018, Plaintiff, a *pro se* prisoner at Stafford Creek Corrections Center in Aberdeen, Washington, filed an application to proceed *in forma pauperis* ("IFP"), that is, without paying the filing fee for a civil case. Dkt. 4. Plaintiff also filed a proposed civil complaint entitled, "Tort Suit for Damages due to Ultra Vires Criminal Acts," naming as defendants: Benjamin H. Settle, a U.S. District Court Judge for the Western District of Washington, and David W. Christel, a U.S. Magistrate Judge for the Western District of Washington. Dkt. 1. Plaintiff's proposed complaint in this case relates to the judges' decisions in another of Plaintiff's cases, which was brought pursuant to 28 U.S.C. § 2254 – *Smith v. Haynes,* U.S. District Court for the Western District of Washington case number 17-6019 BHS-

1    DWC.  Dkt. 1.  On December 6, 2017, Plaintiff filed the habeas corpus petition in *Haynes* and is

2    challenging his 144 month sentence imposed as a result of convictions for Attempted Second

3    Degree Murder and Second Degree Assault.  *Smith v. Haynes,* U.S. District Court for the

4    Western District of Washington case number 17-6019 BHS-DWC.  Judges Settle and Christel

5    have issued various orders and reports and recommendations in the habeas corpus case (due

6    largely to Plaintiff's multiple motions) but have not yet reached the merits of the petition.  *Id.*,

7    Dkts. 2, 4, 14, 33, 34, 40, 48, 52, 53, 55, 56, and 58.

8           In determining whether IFP should be granted in this case, the Court will first review the

9    proposed complaint.

10         **Review of the Proposed Complaint.**  The Court has carefully reviewed the proposed

11   complaint in this matter.  Because Plaintiff filed this complaint *pro se*, the Court has construed

12   the pleadings liberally and has afforded Plaintiff the benefit of any doubt.  *See Karim-Panahi v.*

13   *Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir.1988).

14         In his proposed complaint, Plaintiff alleges that he "approached this Court and

15   Defendants in good faith with notices of incontrovertible criminal acts and ultra vires hostilities

16   on 12/6/17."  Dkt 1, at 1.  He asserts that the "Defendants have responded in bad faith, colluding

17   to the jurisdictionless [sic] acts, and therefore corroborative [sic] with them, breaching the

18   'whoever' non-exemptions of both 18 U.S.C. §§ 3 & 4, thereby forfeiting any presumed

19   indemnification."  *Id.,* at 2.  Plaintiff maintains that "this court will ignore and abrogate these

20   irrefutable facts in its pattern of RICO collusion to the State of Washington's tyranny," and the

21   "most shocking part of this obvious collusion is that the State of Washington's RICO

22   legerdemain in the form of fraudulent conviction truly extorts the U.S. Treasury[,] one of the

23   assets the Defendants are sworn to protect."  *Id.*  He asserts that the "Defendants' pattern of

24

ORDER DENYING APPLICATION TO PROCEED
IN FORMA PAUPERIS AND DISMISSING CASE
AS FRIVOLOUS AND FOR FAILURE TO STATE
A CLAIM- 2

1  denial and refusal to even address the . . . probable cause and evidence wreaks [sic] with the

2  stench of either collusion by bribery or complicity by threat." *Id.*

3      Plaintiff's proposed complaint then discusses several orders issued by Judge Settle and

4  orders and reports and recommendations issued by Judge Christel in his habeas corpus case,

5  *Smith v. Haynes,* U.S. District Court for the Western District of Washington case number 17-

6  6019 BHS-DWC. Dkt. 1, at 3-8. He maintains that Judge Settle "issued decrees that are wholly

7  contrary to law . . . because the case under [sic] has absolutely no legal standing . . . there are no

8  relevant state court records to deliberate over while Plaintiff remains obviously illegally detained

9  under absolutely no valid probable cause." *Id.,* at 3. Plaintiff asserts that "[t]his insoleuce [sic]

10 for germane U.S. law is mirrored in concert by (b) D.W. Christel, who among multiple orders . . .

11 once again places procedural hurdles that do not legally exist in front of the Constitution . . ."

12 *Id.,* at 4. Plaintiff alleges that Judge Christel "evinces corrupt collusion with the State of

13 Washington RICO policies designed to rob the U.S. Treasury and abuse its citizenry." *Id.,* at 4-

14 5. Plaintiff asserts that Judge Christel's "high-brow fixation on the legally irrelevant is

15 especially belligerent because in the Plaintiff's Good Faith Motion of 2/20/18 (Dkt. No. 46),

16 Plaintiff spends the first 28 pages reinforcing the paramount antecedent failure of the state to

17 establish mandatory jurisdiction. . . ." *Id.,* at 6. "For the incontrovertible collusion by

18 Defendants," Plaintiff seeks (1) $360,000,000.00, (2) the "deliverance of Plaintiff without any

19 further nonsensical and illegal diversion into lesser minutiae while denying him equal access to

20 redress by law, (3) declaratory relief, and (4) removal of Defendants from any additional

21 pleadings involving Plaintiff. *Id.,* at 8-9.

22      ***Sua Sponte* Dismissal.** A federal court may dismiss a case *sua sponte* pursuant to Fed.

23 R. Civ. P. 12 (b)(6) when it is clear that the plaintiff has not stated a claim upon which relief may

24

ORDER DENYING APPLICATION TO PROCEED
IN FORMA PAUPERIS AND DISMISSING CASE
AS FRIVOLOUS AND FOR FAILURE TO STATE
A CLAIM- 3

1 be granted. *See Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir.1987) ("A trial court

2 may dismiss a claim *sua sponte* under Fed. R. Civ. P. 12 (b)(6). Such a dismissal may be made

3 without notice where the claimant cannot possibly win relief."); *See also Mallard v. United*

4 *States Dist. Court*, 490 U.S. 296, 307-08 (1989) (noting there is little doubt a federal court would

5 have the power to dismiss frivolous complaint *sua sponte*, even in absence of an express

6 statutory provision). A complaint is frivolous when it has no arguable basis in law or fact.

7 *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

8       "Anglo–American common law has long recognized judicial immunity, a sweeping form

9 of immunity for acts performed by judges that relate to the judicial process." *In re Castillo,* 297

10 F.3d 940, 947 (9th Cir. 2002)(*internal quotations omitted*). "Absolute immunity fails to attach to

11 judicial officers only when they act clearly and completely outside the scope of their

12 jurisdiction." *Demoran v. Witt*, 781 F.2d 155, 158 (9th Cir. 1985)(*internal citations omitted*).

13       All of Judges Settle's and Christel's acts complained of here relate to the judicial process.

14 They have absolute judicial immunity from this suit. *See Olson v. Idaho State Board of*

15 *Medicine*, 363 F.3d 916 (9th Cir. 2004) (noting that judges are entitled to absolute immunity for

16 actions taken within their jurisdiction). There is no reasonable basis to conclude that the judges

17 do not have jurisdiction to act in Plaintiff's habeas corpus case. Plaintiff is being held in

18 Aberdeen, Washington, which is within the federal judicial district of the Western District of

19 Washington. Plaintiff asserts, in his proposed complaint, that the Defendants "will most likely

20 endeavor to claim unlimited indemnity [sic] of the judges," but "no such immunity is available

21 for criminal acts, collusion or complicity." Dkt. 1, at 9-10. Plaintiff fails to allege any facts that

22 support his conclusion that the Defendants have engaged in criminal acts, have colluded

23 improperly, or have acted complacently. "Allegations of malice or bad faith in the execution of

24

1   the officer's duties are insufficient to sustain the complaint when the officer possesses absolute

2   judicial immunity." *Demoran,* at 158.  This case has no arguable basis in law or fact.  The

3   complaint should be dismissed as frivolous and for failure to state a claim.

4          **Leave to Amend.**  Unless it is absolutely clear that no amendment can cure the defect, a

5   *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend

6   prior to dismissal of the action.  *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir.1995).

7          In this case, any attempt by Plaintiff to amend the proposed complaint would be futile.

8   Plaintiff should not be afforded leave to amend his proposed complaint.

9          **Standard for Granting Application for IFP.**  The district court may permit indigent

10  litigants to proceed IFP upon completion of a proper affidavit of indigency.  *See* 28 U.S.C. §

11  1915(a).  However, the court has broad discretion in denying an application to proceed IFP.

12  *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963). A district

13  court may deny leave to proceed IFP at the outset if it appears from the face of the proposed

14  complaint that the action is frivolous or without merit. *Minetti v. Port of Seattle*, 152 F.3d 1113

15  (9th Cir. 1998); *Tripati v. First Nat'l Bank & Trust*, 821 F. 2d 1368, 1370 (9th Cir. 1987).

16         **Decision on Application to Proceed IFP**.  This proposed complaint is frivolous and

17  entirely without merit.  Based upon the above analysis of the deficiencies in the proposed

18  complaint, the Court should deny Plaintiff's application (Dkt. 4) to proceed IFP.

19         **IFP on Appeal.**  In the event that Plaintiff appeals this order, and/or appeals dismissal of

20  this case, IFP status should be denied by this Court, without prejudice to Plaintiff to file with the

21  Ninth Circuit U.S. Court of Appeals an application to proceed IFP.

22         **Future filings**.  Other than a Notice of Appeal, any filings in this case in the future will

23  be docketed by the Clerk but not acted upon by the Court.

24

Accordingly, it is hereby **ORDERED** that:

- Plaintiff's application to proceed *in forma pauperis* (Dkt. 4) **IS DENIED;**

- This case **IS DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim.

- In the event that Plaintiff files an appeal in this case, IFP status **IS DENIED** by this Court, without prejudice to Plaintiff to file with the Ninth Circuit U.S. Court of Appeals an application to proceed *in forma pauperis.*

- Other than a Notice of Appeal, any filings in this case in the future will be docketed by the Clerk but will not be acted upon by the Court.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 30th day of March, 2018.

ROBERT J. BRYAN
United States District Judge